ISAAC ALTMAN et al., as Administrators, etc., Respondents, *v.*
GABRIEL WILE, as General Guardian, et al., Impleaded, etc.,
Appellants.

(Argued January 25, 1894; decided February 6, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made June 23, 1892, which reversed and granted a new trial
as to the defendant Eli Hofeller, and affirmed as to the other
defendants a judgment in favor of plaintiff entered upon the
report of a referee.

This action was brought to obtain a judicial settlement of
the accounts of the defendant Gabriel Wile, as general
guardian of the property of Eli Hofeller, an infant, and as
administrator of the estate of Lily Hofeller, deceased, and of
the accounts of Schanette Wile and Lehman Hofeller, as
administrators of the estate of Sigmund Hofeller, deceased,
and for further relief.

The following is the opinion in full:

"A full and accurate statement of the facts of this case is not easy to make. I will, however, make a brief statement sufficiently accurate and full for the present purpose.

" Sigmund Hofeller died at Buffalo intestate in January, 1875, leaving a widow, Schanette, and two children, Eli and Lily, both infants. Lehman Hofeller and the widow were appointed administrators, and Abraham and Jacob Altman became sureties on their administration bond. The estate left by the intestate was about $21,000, which was soon converted into cash, and about $15,000 of it was loaned to Abraham Altman, with no security but his individual notes, and he became insolvent in August, 1881, without having paid the notes. Lehman Hofeller became insolvent about the same time, and he died in December, 1886. Lily Hofeller died in 1877, and thereafter the estate of the intestate belonged equally to his widow and his son Eli. The widow married Gabriel Wile in January, 1880, and in September, 1881, he was appointed guardian of Eli and administrator of Lily's estate, and gave the requisite bonds in both capacities, with sureties. In February, 1888, Eli became of age. Jacob Altman died in November, 1881, and his administrators bring this action, and they have made parties defendant all the persons in any way interested in the estate of Sigmund Hofeller, to wit, the surviving administratrix, the executors of the deceased administrator, Eli Hofeller and his guardian, and the administrator of Lily Hofeller's estate. The plaintiffs allege, among many other things, that the defendants are by collusive proceedings and accountings in the Surrogate's Court and by other manipulation of the assets of Sigmund Hofeller's estate trying to make the estate of Jacob Altman, deceased, by reason of his signature to the bond of the administrators of Sigmund Hofeller's estate, responsible substantially for the whole estate which came to the hands of such administrators; and that the real responsibility of Jacob Altman's estate could be ascertained. They prayed, among other things, for relief in this action, that the administrators of Sigmund Hofeller's estate, and that Gabriel Wile, as guardian of Eli Hofeller and as administrator of Lily Hofeller, should render their accounts,

and that such accounts should be settled and adjusted. An interlocutory judgment was entered in the action directing the accounting, and then a referee was appointed to take the accounts. The matter was brought to a hearing before the referee, and he made his report, in which he found, among other things, that Mrs. Wile, as administratrix, became responsible for the whole estate left by Sigmund Hofeller, and that she is accountable as such for $36,241.84; that she is entitled to credit against that amount for the sum of $34,869.94 paid to and received by Gabriel Wile as general guardian of Eli Hofeller; that Mr. Wile as such general guardian is chargeable with the latter sum, against which he is entitled to credit for the sum of $1,051.21 paid and expended for his ward, leaving a balance in his hands of $33,818.73; that of this amount there is due Eli, to be paid to him by his guardian, the sum of .$18,120.21. Judgment was entered upon the report settling the accounts as therein stated, and discharging and releasing the plaintiffs as administrators of the estate of Jacob Altman from all liability by reason of the administration bond. This conclusion was reached because Mrs. Wile being responsible for the whole estate and any devastavit thereof could not enforce the administration bond against her own sureties for her own benefit; and as to Eli Hofeller, because his guardian had received his share of the estate and had become responsible therefor.

" From this judgment Eli, Gabriel, and Mrs. Wile appealed to the General Term, and there the judgment was affirmed as to Mr. and Mrs. Wile, and reversed as to Eli, and a new trial ordered. The order of reversal contains the following provision : ' But that the settlement of the accounts of Schanette Wile and Lehman Hofeller, as administratrix and administrator of Sigmund Hofeller, deceased, by the referee in this action, and the judgment therein shall be of no force and effect as against said Eli Hofeller in the further proceedings in this action.' The General Term seemed to reach the conclusion that the judgment was wrong as to Eli, because it discharged Mrs. Wile from responsibility for the estate of her intestate so far as by her action or permission that estate had come to the hands of Gabriel as guardian of Eli, and thus.

confined Eli for his share of the estate to his remedy against his general guardian and the sureties upon his bond. So far as we are informed by this record the case has not been re-tried as to Eli, and the appeal to this court is by Mr. and Mrs. Wile alone.

" We are not concerned now with the rights or interests of Eli, and the attitude he may occupy upon the new trial and his relation to the judgment which stands against the other two defendants. No one is here complaining of the judgment for him, and we are simply to determine whether there is anything in the judgment of which these appellants can complain.

" The defendants have no fight between themselves. The judgment grants no relief as between them, and they do not complain that any error has been committed or injustice done as between themselves. They make common cause against the plaintiffs, and upon the appeals to the General Term and to this court the plaintiffs are the sole respondents.

" Upon the argument in this court no complaint was made of any error in the judgment affecting Mrs. Wile. The sole complaint was made on behalf of Gabriel Wile, and for him it was objected that he had in the accounting been improperly charged with several items. We have carefully examined the record and find sufficient evidence to sustain all the items thus objected to but one, and that is an item of $3,320 and interest thereon, amounting to $1,659.90, making together the sum of $4,979.90. The learned counsel for the appellants claims that there was no evidence to charge Gabriel as guardian with this item. The history of the item is as follows: In September, 1881, Lehman Hofeller having become insolvent executed a mortgage upon certain real estate for $3,320, to Isaac A. Wile as guardian for certain minor children of Lehman; and at the same time he executed a mortgage upon the same real estate for $15,220 to Mrs. Wile as administratrix to secure the payment of the notes of Abraham Altman hereinbefore mentioned. By the terms of this mortgage it was expressly made subject and secondary to the prior mortgage. The real estate mortgaged was worth about $6,500. Subsequently a judg-

ment creditor of Lehman Hofeller commenced an action, among other things, to set aside the first mortgage on the ground that it was fraudulent and void as to the creditors of Lehman Hofeller, and in that action it was found that it was without any consideration, legal or equitable, to uphold it as against the judgment creditor, and that it was void and invalid against its judgment. But it was found that the second mortgage was founded upon a good consideration and was valid. The evidence shows that Mrs. Wile attempted to get a first mortgage upon the real estate, but that Lehman refused to give it, and would only give the second mortgage. The court, in the creditors' action, by its judgment declared that the creditors should be subrogated to the rights of the first mortgagee. After the decision of that action, but before the entry of the judgment therein, it appears that the claims of the judgment creditor were, with the consent of Mr. and Mrs. Wile, assigned to Wile, Brickner and Wile, and thereupon the court, in its final judgment, ordered Isaac A. Wile to assign the mortgage to them to be enforced by them under the right of subrogation for their benefit. In pursuance of that judgment they foreclosed that mortgage and sold the real estate, and it is claimed that Gabriel in some way had the benefit of the amount due upon that mortgage, and that he should be charged with the amount of the same and the interest. Mrs. Wile, as the holder of the second mortgage, could not attack the first mortgage as her mortgage was made expressly subject and secondary to it. The first mortgage was not void as to her, but was void as to the creditors of the mortgagor. They could assail it, and neither Mrs. Wile nor her husband could defeat the right of such creditors to be subrogated to that mortgage. But Gabriel Wile was charged with the amount of that mortgage and the interest due thereon upon the theory that he and his wife had in the creditors' action voluntarily consented that the first mortgage which had been declared void should nevertheless be the first lien and have the preference over the second mortgage. But of this there is no adequate proof. The only evidence of such consent to which our attention has been called and which we are able to find in this record is found in the decision made in the creditors' action.

There we find in the findings of fact as follows : 'That the mortgage given to said defendant Schanette Wile as administratrix, as expressed in the body of the mortgage, was given upon the understanding that the same should be a second and inferior lien to the said mortgage given to the said Isaac A. Wile as guardian as aforesaid, and in this litigation she recognizes that mortgage as a prior lien and is willing it should stand and be upheld as valid.' And in the findings of law as follows : ' The said mortgage, given by the said Lehman Hofeller to the said Isaac A. Wile as guardian as aforesaid, being without consideration, legal or equitable, to uphold the same as against the plaintiffs' judgments, is adjudged invalid and void as to the plaintiffs' judgments, but as it is recognized as a superior lien to the said mortgage given to said Schanette Wile as administratrix, etc., the plaintiffs are entitled to be subrogated to the lien of said mortgage given to the said Isaac A. Wile, as guardian, etc., as aforesaid, to the amount of said mortgage and interest.'

" The language used in these findings does not show that the decision as to the first mortgage was based upon Mrs. Wile's consent. She was bound to recognize that mortgage as a prior and superior lien, and whether she was willing or unwilling the judgment creditor was entitled to the subrogation. Her attitude toward the prior mortgage could make no difference, and no one can say from the record alone that it did make any difference.

" But assuming that there was error in charging Mr. Wile with this item, the error was innocuous and the relief granted to the plaintiff would necessarily have been the same if that item had not been charged to Mr. Wile. . Deduct from the amount charged to him on the accounting this item of $4,979.90, and there will still remain a balance of $28,838.83, larger by more than $10,000 than is needed to answer any claim of his ward, and thus it is clear that the plaintiffs were, with this item left out, entitled to all the relief they obtained in this action, to wit, release as between them and the appellants from liability on the administration bond, and from actions by them based thereon.

"The judgment should, therefore, be affirmed, with costs against the appellants personally."

*William F. Cogswell* for appellants.

*Norris Morey* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.